## IN RE MONK.

CONSTITUTIONAL LAW—TITLE TO AN ACT—U. S. LAWS AND MIN-
ING RECORDS.

1. A law entitled "An act providing for the manner of locating
   and recording quartz and placer mining claims," and provid-
   ing that the records of claims should be made and kept by the
   county recorder at the county seat, and that records of such
   claims kept by the recorder in the respective mining districts
   should be delivered to the county recorder, is not in conflict
   with section 23, art. 6, of the state constitution, which requires
   that "no bill shall be passed containing more than one subject,
   which shall be clearly expressed in its title." The term "man-
   ner," as used in the title, means the method and way of locat-
   ing and recording claims, and includes the instrumentalities
   and means used in effecting their location, and the recording
   of them.

2. *Section 2324 Rev. Stat. U. S.—Interpretation.*
   Such a law does not conflict with section 2324, Rev. St. U. S.,
   authorizing mining districts to make regulations not inconsist-
   ent with the laws of the United States or the laws of the state
   or territory in which the district is situated, governing the
   location, manner of recording, and the amount of work neces-
   sary to hold possession of mining claims.

(No. 865.   Decided Oct. 4, 1897.)

Appeal from the Third district court, Salt Lake county.
A. N. Cherry, *Judge.*

Application of James T. Monk for a writ of *habeas cor-
pus.* From an order refusing the writ, he appeals.
*Affirmed.*

*Rhodes & Williams,* for petitioner.

*Waldemar Van Cott,* against the application.

Zane, C. J.:

It appears that the petitioner, James T. Monk, was recorder of the Big Cottonwood mining district, in Salt Lake county, in this state; that a peremptory writ of mandamus was issued by the district court, requiring him to deliver to James C. Jensen, recorder of the county, the records of his district, and, upon his refusal to obey the writ, he was adjudged guilty of a contempt, and committed to prison until he should deliver the records or be discharged in due course of law. It also appears that he was afterwards brought before the court on a writ of *habeas corpus*, and, upon a hearing, was remanded to prison, to be held in pursuance of the order of commitment. From this order refusing to liberate him, he has appealed to this court.

The authority of the court below to make the order of imprisonment depends upon the validity of section 8, c. 36, Laws Utah 1897, which, so far as involved in this case, is as follows: "The county recorders of the respective counties shall perform the duties heretofore performed by the district mining recorders in such counties, respectively; and the district mining recorders of each county shall, within thirty days, after this act shall take effect, deposit the books and records pertaining to their offices with the county recorder of the county in which the district or the greater part thereof is situated. * * * " This section requires county recorders to perform the duties before performed by district mining recorders, and also required district recorders, within 30 days after the law took effect, to deposit the books and records pertaining to their offices with the county recorders. These two provisions, the petitioner insists, were not indicated by the title of the act in which they were found, as required by section 23, art. 6, of the state

constitution. Appropriation bills and bills for the codification or revision of laws excepted, this section declares that "no bill shall be passed containing more than one subject, which shall be clearly expressed in its title." This provision limits each bill to one subject, and requires that subject to be clearly expressed in its title. It requires the purpose of the bill to be clearly stated, but does not require the mention of the observances to effectuate the purpose. The subject must be expressed in the act, but an analysis of the subject need not be. The law may contain numerous sections, and each section may contain one or more provisions, provided they are limited to requisites constituting the mode or way of effecting the expressed purpose. Many details may be covered by one subject. The end to be effectuated by the law may be expressed in general terms. The purpose so expressed constitutes the subject, and the method to be provided and the means to be employed in accomplishing the purpose are embraced in the subject, and need not be specially pointed out.

The law relied upon is entitled "An act providing for the manner of locating and recording quartz and placer mining claims." The purpose expressed in the title was to provide for the manner of locating and recording quartz and placer mining claims. The term "manner," as used in the title, means the method and way of locating and recording claims, and includes the instrumentalities and means to be used in effecting their location and the recording of them. In order that the location notice, the affidavit of labor, the mining rules and regulations, should be recorded as required by the act, it was necessary to provide for a recorder and books in which to record them. The provisions objected to by the petitioner declare that the county recorder shall perform

the duties of mining recorder, and that he shall receive and keep the books and records before kept and held by the district recorder, and expressly require him to deliver any such books and records in his possession to the county recorder. The subject of the act, as expressed in its title, authorized the provisions objected to. Cooley, Const. Lim. (6th ed.) 172; *State* v. *Town of Union*, 33 N. J. Law 350; *Martin* v. *Tyler* (N. D.), 60 N. W. 392.

Petitioner's counsel cite *Ritchie* v. *Richards*, 14 Utah 345, decided by this court. The title of the act in that case was expressed as follows: "An act relating to, and making sundry provisions concerning elections." Sess. Laws 1896, p. 369. It provided for appointments to office by the governor, as well as for elections. The officers to be appointed were not election officers, and the provisions for their appointment did not concern elections, and were clearly not embraced in the subject expressed in the title. That decision recognized the constitutional provision limiting bills to one subject, and requiring it to be clearly expressed in the title, as a wholesome and salutary law, that should receive a reasonable interpretation and be rigidly enforced, that legislators and the public may be informed of the purpose of pending bills, and that surreptitious, incongruous, and inconsiderate laws may be prevented. Suth. St. Const. §§ 87, 102.

The petitioner also contends that the provisions of the state law above quoted, requiring county recorders to perform the duties performed before by the district mining recorders, and requiring the latter to deposit the books and records of their offices with the county recorders of their respective counties, conflict with a law of the United States regulating the disposition of its mineral lands. The claim is that section 2324, Rev. St. U. S., confers the authority upon the miners of the respective

mining districts to make regulations governing the location, and recording of all papers necessary to hold possession of mining claims, and required to be recorded. The provisions of the above section of the law of the United States, so far as material to the point, are: "The miners of each mining district may make regulations not in conflict with the laws of the United States or with the laws of the state or territory in which the district is situated, governing the location, manner of recording, amount of work necessary to hold possession of a mining claim, subject to the following regulations: * * *." This law gives the miners the authority to make such regulations not in conflict with the laws of the United States or with the laws of the state or territory. The federal government has made no provision for a recorder in mining districts. The authority to provide for recorders, and the recording of all papers to be recorded in locating and holding mining claims, is left to the states in which such locations are made. If the state does not exercise the power, the miners of the district may. By enacting the law in question, the state has used its power. The judgment of the court below appealed from is affirmed.

BARTCH and MINER, JJ., concur.